# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOAN K. KELLER,

    **Plaintiff,**

v.                                 CIVIL ACTION NO. 2:09 CV 127
                                                  (BAILEY)

COMMISSIONER OF
SOCIAL SECURITY,

    **Defendant.**

## ORDER

On June 10, 2010, Magistrate Judge James E. Seibert filed his Report and Recommendation (R&R) (Doc. 24) in the above-styled matter wherein the parties were directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within fourteen (14) days after being served with a copy of the R&R. Defendant, after receiving an extension of time within which to do so, filed objections on July 12, 2010 (Doc. 27). This matter now appears ripe for review.

Upon examination of the report from the Magistrate Judge, it appears to this Court that the issues raised in the parties' cross Motions for Summary Judgment were thoroughly considered by Magistrate Judge Seibert in his R&R. The Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that the proposed R&R accurately reflects the law applicable to this case.

Upon consideration of the defendant's objections, this Court finds that the defendant has not raised any issues that were not thoroughly and properly considered by the Magistrate Judge in his R&R. Defendant objects to the Magistrate Judge's recommendation that this matter be remanded to evaluate the Administrative Law Judge's (ALJ) opinions of plaintiff's treating physicians with more specificity. In evaluating the

opinion of treating physician Dr. Emand Botros, the ALJ, in her Decision, stated, "[h]is opinion is inconsistent with the objective findings on examinations, the claimant's response to treatment, the episodic nature of her symptoms, and the claimant's admitted, and significant daily activities, and thus not entitled to controlling weight." (Tr. 20). In evaluating the opinion of treating physician Dr. Shabana Firdous, the ALJ stated, "[t]his assessment of the claimant's ability to function is completely inconsistent with his own treatment records that reflect response to treatment and that she is doing well, and it is inconsistent with the claimant's admitted, and significant daily activities." (Tr. 21).

An ALJ must give good reasons in the decision for the weight given a treating source's medical opinion. 20 C.F.R. 404.1527(d)(2). Social Security Ruling 96-2p further details this requirement by stating that when a decision is not fully favorable, "the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." The Court has carefully reviewed the record in this matter and finds, in agreement with the Magistrate Judge, that the ALJ's conclusive statements that the treating physicians' medical opinions were inconsistent, without any specific references to the evidence in the case record, are not sufficiently specific to now allow a meaningful review. Further, as noted by the Magistrate Judge, because the ALJ did not properly consider, and discredit, Dr. Botros's opinion, the ALJ could not have properly excluded limitations identified by Dr. Botros from the hypothetical question posed to the vocational expert. Defendant's objections are overruled. Accordingly, this Court agrees with the Magistrate Judge that this

matter must be remanded. Therefore, it is

**ORDERED** that Magistrate Judge Seibert's R&R (Doc. 24) be, and the same hereby is, **ADOPTED**. In accordance with the R&R, it is

**ORDERED** that the plaintiff's Motion for Summary Judgment (Doc. 19) shall be, and the same hereby is, **GRANTED IN PART** for a remand for a more specific evaluation of the treating physicians' medical opinions and the resulting development of a hypothetical question to pose to the Vocational Expert, as more specifically set forth in the R&R. It is further

**ORDERED** that the defendant's Motion for Summary Judgment (Doc. 20) be, and the same hereby is, **DENIED IN PART** for the aforementioned reasons. It is further

**ORDERED** that this matter is **REVERSED AND REMANDED** to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further action in accordance with this Order and the R&R. It is further

**ORDERED** that the Clerk of Court shall enter judgment reversing the decision of the defendant and remanding the case to the defendant for further proceedings and shall thereafter **DISMISS** this action from the docket of the Court.

Counsel for the plaintiff is advised that an application for attorney's fees under the Equal Access to Justice Act (EAJA), if one is to be submitted, must be filed within 90 days from the date of the judgment order.

The Clerk of Court is directed to enter a separate judgmen and to send a copy of this Order to all counsel of record.

**DATED**: January 27, 2011.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE